IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-75,286






CHARLES DANIEL THACKER, Appellant


v.


THE STATE OF TEXAS





ON MOTION FOR STAY OF EXECUTION AND 

ON DIRECT APPEAL FROM THE DENIAL OF DNA TESTING

FROM HARRIS COUNTY





 PER CURIAM. PRICE, J., did not participate.


OPINION



 Appellant was convicted of capital murder and sentenced to death on May 8, 1994. We
affirmed his conviction and sentence on direct appeal, and the mandate for that affirmance issued
on February 7, 1997. We denied habeas relief December 19, 2001. On October 13, 2005, appellant
filed an application for post-conviction DNA testing. The trial court denied relief, finding, among
other things, that appellant failed to establish that the request for DNA testing was not made to
unreasonably delay the execution of sentence or the administration of justice. Appellant filed an
appeal, which was received by this Court on November 3, 2005. Appellant is scheduled to be
executed on November 9, 2005. He seeks a stay of that execution to allow his counsel adequate time
to prepare briefing on appeal, or in the alternative, "an accelerated briefing schedule, requiring the
State to submit any reply brief and to have the matter considered by the Court immediately." 
Appellant has submitted an "interim brief" and the State has submitted a reply.

 To obtain relief under Chapter 64, the convicted person must "establish[] by a preponderance
of the evidence" that "the request for the proposed DNA testing is not made to unreasonably delay
the execution of sentence or administration of justice." (1) The trial court's finding that appellant failed
to do so is supported by the record. Chapter 64, authorizing motions for DNA testing, has been in
effect since April 5, 2001. (2) Appellant waited over four years to file his motion, and that motion was
filed less than a month before his scheduled execution. 

 Appellant claims that his failure to file the motion was excused by the pendency of his federal
application for writ of habeas corpus, which was finally disposed of on October 3, 2005. He asserts
that "habeas counsel was clearly of the view that the two-forum rule would not permit a dual filing
in state and federal court." But nothing legally prevented appellant from filing a motion for DNA
testing during the pendency of his federal habeas proceedings. Unlike a state application for writ of
habeas corpus, a motion for DNA testing cannot, by itself, result in relief from a conviction or
sentence. It is simply a vehicle for obtaining a certain type of evidence, which might then be used
in a state or federal habeas proceeding. Moreover, appellant does not assert that he made any attempt
to ascertain whether a dual filing would be permitted - such as seeking leave from federal court to
file a Chapter 64 motion, and appellant does not allege that he attempted to procure an abatement
of federal proceedings to file a Chapter 64 motion, despite the fact that he now contends that DNA
testing would provide him with crucial exculpating evidence.

 Appellant also contends that the technology required for the testing he seeks did not become
available until 2002 (Y-STR testing) and 2004 (laser microdissection). But appellant did not file a
motion for DNA testing in 2002, 2003, or 2004. He waited until October of 2005, when his
execution was imminent.

 Appellant's motion for stay of execution is denied. We grant his motion to have the appeal
considered immediately. Having considered his appeal based upon his "interim" brief and the
State's reply, and having found that the trial court's finding regarding unreasonable delay is
supported by the record, we conclude that there was no reversible error in the proceedings below.
We affirm the trial court's judgment.


Date delivered: November 7, 2005

Publish
1. Tex. Code Crim. Proc., Art. 64.03(a)(2)(B).
2. See Acts 2001, 77th Leg., ch. 2.